Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter E. Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                     Plaintiff,<br><br>v.<br><br>TOSHI YAMADA,<br><br>                     Defendant. | Civil Action No. 2:17-cv-01183-ES-JAD |

Dear Judge Salas:

Plaintiff, Malibu Media, LLC ("Plaintiff"), submits this letter-brief to address the factors

itemized in Your Letter Order [CM/ECF 19].

### A. Plaintiff Sufficiently Pled its Cause of Action and this Court has Subject Matter Jurisdiction

1.      Plaintiff commenced this action on March 2, 2017 to assert a claim for direct copyright

infringement and requests that (i) the infringer delete and permanently remove, and be enjoined

from continuing to infringe, Plaintiff's copyrighted works and (ii) Plaintiff be awarded its statutory

damages and costs pursuant to 17 U.S.C. §§ 504–05.  *See* CM/ECF 1. Plaintiff's Amended

1

Complaint alleges the same claims, but identifies Defendant Toshi Yamada ("Defendant") as the responsible infringer.  *See* CM/ECF 12.

2.      Plaintiff's Complaint sufficiently states a claim for direct copyright infringement. To adequately allege such a claim, a plaintiff must plead only two elements: (1) ownership of a valid copyright and (2) unauthorized copying of original elements of the copyrighted work.  *See Winstead v. Jackson*, 509 Fed. Appx. 139, 143 (3d Cir. 2013); *see also John Wiley & Sons, Inc. v. Golden*, No. 14-942, 2015 WL 716880, *9 (D. N.J. Feb. 19, 2015) ("[C]ourts in this district have routinely allowed copyright infringement claims to proceed upon a plaintiff's allegations of the two essential elements of ownership and copying, without seeming to require more.").  In its Complaint, Plaintiff clearly set forth these requisite elements by alleging that between May of 2016 and October of 2016, Defendant utilized his internet and computer devices to download and distribute, without Plaintiff's authorization or consent, seventeen of Plaintiff's films. *See* CM/ECF 1 & 12 at ¶¶ 2, 23, 30 and 31 ("Defendant is a persistent online infringer of Plaintiff's copyrights. … Plaintiff is the registered owner of the copyrights set forth on Exhibit A. … Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated on Exhibit B. … By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.  Plaintiff did not authorize, permit or consent to Defendant's distribution of its works").

3.      Plaintiff is the creator of each at-issue film, has copyrighted each one with the United States Copyright Office, and has obtained a certificate of registration for each.  *See id.*; *see* CM/ECF 1-2 & 12-2 and the attached Exhibit A.

4.      Since Plaintiff's claim is timely made within the applicable three-year statute of limitations period, *see* 17 U.S.C. § 507, and since its infringement claim arises under the United States

Copyright Act, *see* 17 U.S.C. §§ 101 et seq., this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).  *Accord, e.g.*, *IDT Corp. v. Unlimited Recharge, Inc.*, No. 11-4992, 2011 WL 6020571, at \*5 n.5 (D.N.J. Dec. 2, 2011) (wherein Your Honor exercised subject matter jurisdiction over a copyright infringement claim even where the plaintiff had not yet obtained an actual copyright registration); *Perry v. Sonic Graphic Sys., Inc.*, 94 F. Supp.2d 623, 624–25 (E.D. Pa. 2000) ("Plaintiff's Complaint alleges infringement of a valid copyright, and requests remedies allowed pursuant to the federal Copyright Act. This Court therefore has subject matter jurisdiction.").

**B.   This Court has Personal Jurisdiction and There is Sufficient Proof of Service**

5.      This Court also has personal jurisdiction.  Plaintiff initiated this lawsuit in this District because, although it was initially only able to identify Defendant by an IP address, "Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ('IP address') traced to a physical address located within this District."  CM/ECF 1 & 12 at ¶5.

6.      Specifically, Plaintiff used Maxmind® Premium's IP geolocation database, the same exact geolocation technology that is relied upon by federal law enforcement.  *See United States v. Richardson*, No. 4:11CR3116, 2012 WL 10382 (D. Neb. Jan. 3, 2012) (used by Homeland Security to identify the defendant); *United States v. Tillotson*, 2:08-CR-33, 2008 WL 5140773 (E.D. Tenn. Dec. 2, 2008) (noting that Maxmind's database correctly identified the Defendant and is sufficient to establish probable cause).

7.      Indeed, Verizon, Defendant's internet service provider, corroborated Plaintiff's geolocation technology when it responded to Plaintiff's Court-authorized Rule 45 subpoena and

confirmed that the infringing IP address was provided for internet service at 408 Jane Street, Ft. Lee, NJ 07024 (*i.e.*, a location within this district).

8.      Not only does Defendant reside in and have substantial ties to this District, but he has also been served with a Summons and Amended Complaint and been put on notice of this proceeding.

9.      Plaintiff's process server effectuated service in accordance with Rule 4:4 by personally serving Defendant on November 17, 2017 at 408 Jane Street, Ft. Lee, NJ 07024, the only known and discoverable address for Defendant. *See* CM/ECF 12 at ¶9. Plaintiff filed the return of service affidavit attesting to the foregoing.  *See* CM/ECF 16 and a copy of the return of service is attached hereto as Exhibit B.

10.     This "raises a presumption that the facts recited therein are true and is *prima facie* evidence that service was proper."  *E.g.*, *Wells Fargo Bank, N.A. v. Marecelus*, No. F-62521-09, 2015 WL 6758319, *2 (N.J. Super. Nov. 6, 2015).  "[I]t can be rebutted only by clear and convincing evidence…."  *Id.*

11.     Here, service was effectively made and Defendant has failed to contact Plaintiff or respond to Plaintiff's Summons and Complaint.

12.     Defendant received notice when a Clerk's default was subsequently obtained.  To date and even after entry of a clerk's default, Defendant still refuses to participate in this action.

### C.  Default Judgment is Proper

13.     Based on the foregoing and as otherwise set forth in Plaintiff's Motion for Default Judgment [CM/ECF 18], entry of default judgment is proper as a matter of law.

14.     Given the preference for resolution of cases on the merits, however, Third Circuit precedent instructs district courts to review untimely-filed answers to ascertain (1) whether they contain

viable *meritorious defenses*, (2) whether the delay in answering has meaningfully *prejudiced* the party seeking default, and (3) the *culpability* associated with that delay.

      1.   Defendant Does Not Have a Viable Meritorious Defense for Her Failure to Answer.

15.     In *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171 (D.N.J. 2008), for example, this Court declined to default defendants who had filed an answer a few days late, explaining that "such filing was not coupled with any bad faith on the part of Defendants. Moreover, there is strong reason to believe that all Defendants have the same defense to Brady's instant Complaint and that their collective defense is one with considerable merit." *Id.* at 178.

16.     Here, in contrast, Defendant has <u>still</u> not attempted to file an Answer, despite ample opportunity and even after faced with a clerk's default.

17.     There is no basis or evidence to believe that Defendant has any justification for her year-long failure to acknowledge and participate in this lawsuit, and Defendant does not have a meritorious defense.

      2.   Plaintiff is Prejudiced by Defendant's Failure to Answer.

18.     Plaintiff commenced this action back in March of 2017, and Defendant's refusal to participate in this case and file an Answer clearly prejudices Plaintiff and frustrates its ability to "secure the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

      3.   Plaintiff's Strong Computer Evidence Implicates Defendant's Culpability.

19.     Plaintiff has aggregated strong computer evidence implicating Defendant for the at-issue copyright infringement, and Defendant has refused to offer any exculpatory allegations or defenses.  At this juncture, entry of default judgment is necessary.

    **D.  Basis for the Damages.**

      1.   Statutory Damages Should be Awarded to Plaintiff.

20.     Plaintiff hereby elects to recover statutory damages against Defendant as provided by 17

U.S.C. § 504.[1] Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable

for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2).

21.     For unintentional infringement, 17 U.S.C. § 504(c) provides that "the copyright owner may

. . . recover . . . an award of statutory damages for all infringements involved in the action, with

respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers

just." 17 U.S.C. § 504(c)(1).

22.     This is not unintentional infringement, however, and pursuant to 17 U.S.C. § 504(c)(2), the

Court upon a finding of willful infringement may "increase the award of statutory damages to a

sum of not more than $150,000."  17 U.S.C. § 504(c)(2).

23.     Here, Plaintiff pled that Defendant's infringement was committed willfully.  See CM/ECF

12 at ¶ 33.  Therefore, a statutory damages award up to $150,000 per work infringed would be

appropriate.

     2.   <u>Injunctive Relief Should be Awarded to Plaintiff.</u>

24.     Permanent injunctive relief should be awarded to Plaintiff.  Plaintiff seeks an injunction:

> (A)     Permanently enjoin[ing] Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted Works;
>
> (B)     Order[ing] that Defendant delete and permanently remove the digital media files relating to Plaintiff's Works from each of the computers under such Defendant's possession, custody or control; [and]
>
> (C)     Order[ing] that Defendant delete and permanently remove the infringing copies of the Works Defendant has on the computers under Defendant's possession, custody or control . . .

---

[1]     Plaintiff need not prove actual damages to be entitled to an award of statutory damages, and may make an election of statutory damages "regardless of the adequacy of the evidence offered as to [its] actual damages and the amount of [D]efendant's profits." *Columbia Pictures Television, Inc., v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001), *cert. denied*, 534 U.S. 1127, 112 S.Ct. 1063 (2002).

25.      Courts routinely issue injunctive relief as part of a default judgment where, as here, an online media distribution system was used to download and distribute copyrighted works without permission. *See, Warner Bros. Records, Inc., v. Novak*, 2007 WL 1381748, at \*2-3 (D.N.J. 2007) (holding that a permanent injunction enjoining defendants from infringing on plaintiffs' copyrighted sound recordings "is appropriate and reasonable given [d]efendant's continuing infringement on [p]laintiff's sound recordings, and [d]efendant's failure to respond"); *Axact (PVT), Ltd. v. Student Network Resources, Inc.*, 2008 WL 4754907, at \*3 (D.N.J. 2008) (granting injunctive relief to defendants on default judgment of copyright infringement claims of academic works and term papers).

26.      Plaintiff, therefore, has demonstrated that it has suffered irreparable harm, and that remedies at law are inadequate.  A permanent injunction is appropriate as it will cause no harm to Defendant, and such relief will be in the public interest.  Therefore, Court should thus grant Plaintiff the requested injunctive relief.

                      Respectfully submitted,

By:      /s/ *Patrick J. Cerillo*
       Patrick J. Cerillo, Esq.
       Patrick J. Cerillo, LLC
       4 Walter E. Foran Blvd., Suite 402
       Flemington, NJ 08822
       Attorney ID No.: 01481-1980
       T: (908) 284-0997
       F: (908) 284-0915
       pjcerillolaw@comcast.net
       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all parties through this system.  I further certify that I have mailed the foregoing document via U.S. Mail to Defendant, TOSHI YAMADA, at 408 Jane Street, Fort Lee, NJ 07024.

By:     /s/ *Patrick J. Cerillo*