Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MALIBU MEDIA, LLC, | |
| Plaintiff, | Civil Action No. 17-1183 (ES) (JAD) |
| v. | MEMORANDUM OPINION & ORDER |
| TOSHI YAMADA | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Malibu Media, LLC's ("Plaintiff's") motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) (*see* D.E. No. 21); and the Court having considered Plaintiff's submissions, and it appearing that:

1. On February 21, 2017, Plaintiff commenced the instant action against John Doe Subscriber Internet Protocol address ("IP address") 108.53.147.136, claiming damages for copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* (the "Copyright Act"). (D.E. No. 1). Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an IP address traced to a physical address located within this District. (*See* D.E. No. 12 ¶ 5). Plaintiff filed a motion for leave to serve a third-party subpoena on John Doe Subscriber's Internet Service Provider ("ISP") (D.E. No. 4), which the Court granted on July 5, 2017, (D.E. No. 8). Pursuant to the third-party subpoena, the ISP disclosed John Doe Subscriber's true identity as Toshi Yamada ("Defendant"), who resides in Fort Lee, New Jersey. (*See* D.E. No. 21-3 ¶ 3; D.E. No. 12 ¶ 9).

2. On November 14, 2017, Plaintiff filed the instant Amended Complaint naming Toshi Yamada as the Defendant. (D.E. No. 12).

3. On November 21, 2017, Defendant was served personally at her Fort Lee, New Jersey address with the Summons and Amended Complaint. (D.E. No. 16; D.E. No. 12 ¶ 9).

4. The time to answer has expired, and Defendant has not filed an answer or responded to the Amended Complaint, and has otherwise failed to appear before this Court.

5. On Mach 1, 2018, Plaintiff requested that the Clerk of the Court enter default against Defendant (D.E. No. 18), which the Clerk granted. On December 5, 2018, Plaintiff filed the instant motion. (D.E. No. 21). Plaintiff served the motion on Defendant at her Fort Lee, New Jersey address via U.S. Mail. (*See id.*).

6. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). On a motion for default judgment "the factual allegations of the complaint . . . will be taken as true." *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

7. First, the Court finds that there has been sufficient proof of service because Defendant was personally served with the summons and complaint on November 17, 2017. (D.E. No. 16).

8. Second, the Court finds that Plaintiff has sufficiently stated a cause of action. Plaintiff's Amended Complaint asserts a claim for copyright infringement against Defendant, who has allegedly infringed on Plaintiff's copyrighted motion pictures. (D.E. No. 12 ¶¶ 29–33). "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2)

copying of constituent elements of the work that are original." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 67 (3d Cir. 2018) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

9. Here, Plaintiff alleges that it is the registered owner of the 17 motion pictures listed on Exhibit B. (*See* D.E. No. 12 ¶¶ 3, 22 & 29; D.E. No. 12-2 ("Ex. B"); *see also* D.E. No. 21-2). Thus, Plaintiff has shown that it owns valid copyrights. *See Malibu Media, LLC v. Tsao*, No. CV 15-6672, 2016 WL 3450815, at *3 (D.N.J. June 20, 2016). With respect to the second element, Plaintiff alleges that Defendant copied, reproduced, and distributed the original elements of each of the 17 registered motion pictures to the public without Plaintiff's authorization or consent, through the use of the peer-to-peer file sharing software BitTorrent. (*See* D.E. No. 12 ¶¶ 2, 17–21, 23–25 & 30–32). Specifically, Plaintiff asserts that Defendant violated Plaintiff's exclusive right to (A) reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501; (B) distribute the copyrighted works to the public by sale or other transfer of ownership, rental, lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501; and (D) display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501. (D.E. No. 12 ¶ 32). Plaintiff's Exhibits A and B support its allegation that Defendant copied, reproduced, and distributed original elements from each work in question. (*See* D.E. No. 12-1 ("Ex. A"); Ex. B). Therefore, Plaintiff has sufficiently alleged a cause of action for Defendant's infringement of Plaintiff's reproduction and distribution rights under 17 U.S.C. § 106(1) and (3).[1] *See, e.g.*, *Tsao*, 2016 WL 3450815, at *3; *Malibu Media, LLC*

---

[1] Plaintiff fails to show an infringement of its public display and public performance rights under 17 U.S.C. § 106(4) & (5). Plaintiff has provided no evidence or allegations that Defendant "performed" or "displayed" the motion pictures "publicly," as defined by the statute. *See* 17 U.S.C. § 101. Nor has Plaintiff provided any case law supporting a finding that the use of peer-to-peer network software, like BitTorrent, constitutes an infringement of the right to publicly perform or display a copyrighted work. *Cf. United States v. Am. Soc. of Composers, Authors, Publishers*,

*v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016).

10. Third, the Court finds that default judgment is proper in this action. To determine whether granting default judgment is proper, the Court "must make factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers' Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the current record does not show any meritorious defense. *See Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444, at *5 (D.N.J. June 14, 2010) ("Because the Defendant did not respond, the Court cannot determine whether the Defendant had meritorious defenses that are not reflected in the record."); *Deleon*, 2016 WL 3452481, at *3 ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). The record shows Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has been prevented from prosecuting the case, engaging in discovery, and seeking relief in the normal fashion. *See id.*; *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding the plaintiff would suffer prejudice if the court did not enter default judgment because the plaintiff "has no other means of seeking damages for the harm caused by Defendant"). Finally, Defendant is culpable because despite being personally served more than a year ago, Defendant has failed to contact the Court or Plaintiff, and has otherwise failed to participate properly. *See Coach, Inc.*, 2010 WL 2521444, at *5.

11. Having determined that default judgment is proper, the Court next decides which remedies are appropriate. Here, the Court finds that Plaintiff is entitled to statutory damages,

---

627 F.3d 64, 74 (2d Cir. 2010) (noting that unlike streaming services, "downloaded musical works are transmitted at one point in time and performed at another. Transmittal without a performance does not constitute a 'public performance'").

injunctive relief, and attorney's fees and costs.

12. First, the Court finds that Plaintiff is entitled to statutory damages pursuant to the Copyright Act. Under 17 U.S.C. §504, an infringer is liable for a copyright owner's actual damages or statutory damages. Plaintiff has elected to seek statutory damages, which allows for recover of not less than $750 or more than $30,000, as considered just. 17 U.S.C. § 504(c)(1). Here, Plaintiff seeks to recover $750 for each of the 17 infringed works. (*See* D.E. No. 21-1 at 21; Ex. A; Ex. B). However, "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). The provided evidence shows that the infringement occurred after the effective date of registration for seven of the 17 motion pictures. (*See* Ex. B). The remaining ten, however, indicate that that the date the infringement preceded the registration date. (*See id.*). But because these infringements fall within the safe harbor provision—since the registration became effective within three months of the first publication—Plaintiff is also entitled to recover statutory damages for these infringements. *See* 17 U.S.C. § 412(2); (Ex. B). Therefore, Plaintiff has sufficiently shown entitlement to statutory damages for the infringement of all 17 motion pictures. The Court will award $750 per infringed motion picture, totaling $12,750.[2] *See* 17 U.S.C. § 504(c)(1).

13. Second, Plaintiff is also entitled to injunctive relief. Under 17 U.S.C. §502(a), "any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem

---

[2] Because Plaintiff seeks, and the Court is granting, the minimum statutory damages under § 504(c)(1), the Court will not address Plaintiff's allegations of willfulness, which are only relevant to enhance maximum damages under § 504(c)(2).

reasonable to prevent or restrain infringement of a copyright." To adequately claim a permanent injunction, a plaintiff "must demonstrate: (1) that it has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Here, Plaintiff has met its burden. First, the evidence supports the finding that absent an injunction to force the deletion of the copyrighted works, Plaintiff will continue to suffer irreparable harm that cannot be adequately measured in monetary damages. Defendant is a habitual copyright infringer who used BitTorrent software to distribute Plaintiff's copyrighted works and as a result, has exposed and will continue to expose the copyrighted works to "viral" infringement on a daily basis. (*See* D.E. No. 12 ¶¶ 23, 25 & Ex. A; D.E. No. 21-1 at 24); *see also Virgin Records Am., Inc. v. Bagan*, No. 08-4694, 2009 WL 2170153, at *5 (D.N.J. July 21, 2009) (granting permanent injunction when Plaintiff asserted that Defendant had exposed the copyrighted works to "viral" infringement); *see also Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (stating when there is potential for future harm there is no adequate remedy at law); *Microsoft Corp. v. Big Boy Distribution LLC*, 589 F.Supp.2d 1308, 1321 (S.D. Fla. 2008) ("Generally, a showing of copyright infringement liability and threat of future violations is sufficient to warrant entry of a permanent injunction."). Second, the balancing of the hardships weighs in favor of Plaintiff because "[t]he only hardship imposed upon the Defendant is that they obey the law." *See Coach, Inc.*, 2010 WL 2521444, at *9. Lastly, the public interest would be served by the injunction because "it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected

work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (citation omitted). Therefore, the Court finds Plaintiff is entitled to a permanent injunction and will order Defendant to destroy all copies of Plaintiff's copyrighted motion pictures that Defendant has downloaded. *See Deleon,* 2016 WL 3452481, at *5.

14. Finally, the Court finds that Plaintiff is entitled to recover attorney's fees and litigation costs pursuant to the Copyright Act. Under 17 U.S.C. §505, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof" and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Here, Plaintiff only asserts that it has incurred $595.33 in costs; Plaintiff does not request attorney's fees. (*See* D.E. No. 21-3 ¶ 8). Because these costs are reasonable, the Court awards the requested amount.

Accordingly, IT IS on this 12th day of April 2019,

**ORDERED** that Plaintiffs' motion for default judgment (D.E. No. 21), is GRANTED; and it is further

**ORDERED** that that Defendant Toshi Yamada:

a) Pay to Plaintiff $13,345.33 (the "Judgment"); $12,750.00 in statutory damages for Defendant's 17 infringements, as authorized by 17 U.S.C. § 504(c)(1), plus $595.33 in costs, as authorized by 17 U.S.C. § 505;

b) Pay Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this Order until the Judgment is paid in full;

c) Is enjoined from infringing Plaintiff's rights under federal law in Plaintiff's copyrighted motion pictures, including, without limitation, by using the internet,

BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the motion pictures, except pursuant to a lawful license or the express authority of Plaintiff;

d) Destroy all unauthorized copies of Plaintiff's copyrighted motion pictures that Defendant has in her possession, custody, or control, including any downloaded onto any computer hard drive or server, and any transferred onto any physical medium or device in Defendant's possession, custody, or control; and it is further

**ORDERED** that the Court shall retain jurisdiction over this action for six months or until the Judgment is satisfied, whichever is earlier, to ensure compliance with this Order; and it is further

**ORDERED** that the Clerk of the Court CLOSE this matter.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
